IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL REEDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-0981 |
| CVS PHARMACY, INC., | ) JUDGE CAMPBELL |
| Defendant. | ) MAGISTRATE JUDGE BRYANT |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), the following Initial Case Management Order is adopted:

1. <u>Jurisdiction</u>:

This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq</u>. Jurisdiction is not disputed.

2. <u>Plaintiff's theory of the case</u>:

Plaintiff, Michael Reedy, a district manager for the defendant became aware of sexual harassment and discrimination occurring at CVS. One of the harassers was his supervisor and the regional manager, Dan Wallace. Plaintiff confronted Mr. Wallace about the ongoing harassment at CVS, as well as, his personal harassment, and Mr. Wallace was visibly angry at being confronted about his behavior. Plaintiff was also reported the harassment and discrimination to Sue Vandersall, the CVS area human resource director. The reporting to these individuals occurred in August of 2010. Plaintiff was terminated for pretextual reasons on September 14,

1

10325797.2
Case 3:12-cv-00981 Document 13 Filed 11/26/12 Page 1 of 4 PageID #: 30

2010 by Mr. Wallace. The managers that were notified of the harassment have denied that they were notified to the EEOC, which denial further evidences the pretextual nature of the Plaintiff's discharge. As a result of Plaintiff being discharged in retaliation of his opposition to sexual harassment and discrimination in the workplace, plaintiff has suffered a significant and ongoing financial loss, as well as, significant emotional toll associated with his wrongful termination. Plaintiff sues for all damages available due to retaliation in violation of Title VII.

3. Defendant's theory of the case:

CVS did not terminate Plaintiff's employment in retaliation for engaging in protected activity. CVS in fact enforces a company-wide policy that prohibits harassment, discrimination, and retaliation of any kind. CVS ended Plaintiff's employment after an internal investigation revealed that a significant number of his reports had lost confidence in his ability to lead and manage. The Company's good faith reliance on the findings of that investigation is a legitimate non-retaliatory basis for employment action, even if he did complain about gender discrimination, as alleged. Plaintiff's case is without merit and should be dismissed.

4. Identification of the issues:

    a. Issues Resolved: jurisdiction, venue, service of process.

    b. Issues Still in Dispute: liability and damages.

5. Initial Disclosures and Discovery:

    a. Initial Disclosures: The parties shall exchange initial disclosures on or before December 21, 2012.

    b. Discovery: The parties shall complete all written discovery and depose all witnesses on or before June 17, 2013. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

2
10325797.2
Case 3:12-cv-00981   Document 13   Filed 11/26/12   Page 2 of 4 PageID #: 31

6. <u>Deadline for motions to amend and/or join additional parties</u>:

All motions to amend and/or motions to join additional parties shall be filed on or before January 17, 2013.

7. <u>Dispositive motions</u>:

    a. Deadline for filing dispositive motions: July 12, 2013.

    b. Deadline for filing responses to dispositive motions: August 9, 2013.

    c. Deadline for filing a reply: August 23, 2013.

If dispositive motions are filed before the deadline, the response and reply dates shall be moved up accordingly. Absent leave of Court, motions and responses shall be limited to twenty-five (25) pages, and replies shall be limited to five (5) pages.

8. <u>Subsequent case management conferences</u>:

A subsequent case management conference is scheduled to take place by telephone on May 14, 2013, at 9:30 a.m. Plaintiff's counsel shall initiate the call.

9. <u>Alternate dispute resolution</u>:

The parties have not reached an agreement regarding the propriety of mediation.

10. <u>Target trial date</u>:

The trial of this matter is expected to last 3 days and will be ready for a bench trial by December 3, 2013.

It is so ORDERED:

                        *s/ John S. Bryant*
                        **John S. Bryant**
                        **U.S. Magistrate Judge**

APPROVED FOR ENTRY:

s/Maralee M. Downey
Waverly D. Crenshaw, Jr.
Maralee M. Downey
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
615-244-6380 (telephone)
615-244-6804 (facsimile)
waverly.crenshaw@wallerlaw.com
maralee.downey@wallerlaw.com
**Attorneys for CVS Pharmacy, Inc**.

/s Mary A. Parker (w/ permission)
Stephen Crofford
Mary A. Parker
Parker & Crofford
1230 2nd Ave. S.
Nashville, TN  37210
(615) 244-2445 (telephone)
mparkerlaw@aol.com
stephencrofford@msn.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's ECF system, upon:

Stephen Crofford
Mary A. Parker
1230 2nd Ave. S.
Nashville, TN  37210

Attorneys for Plaintiff

on this 21st day of November, 2012.

s/Maralee M. Downey